**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent/Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-20134-JAR** |
| | ) | **15-2652-JAR** |
| **PATRICK LEE PRICE,** | ) | |
| | ) | |
| **Petitioner/Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Patrick Lee Price's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 65). The government has responded (Doc. 67) by moving for the dismissal of the motion as untimely because it was filed outside of the applicable statute of limitations, or alternatively, for enforcement of the appellate waiver in the plea agreement. Petitioner filed a reply (Doc. 69) as well as requests for discovery (Docs. 70, 71, 72). After a careful review of the record and the arguments presented, the Court grants the government's motion and dismisses Petitioner's motion as untimely. Petitioner's discovery requests are denied as moot.

**I.     Background**

On October 7, 2010, Patrick Lee Price was indicted on nine firearm and narcotic-related charges: distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Counts 1 and 4); maintaining a drug involved premise, in violation of 21 U.S.C. § 856(a)(1) and (2) (Counts 2 and 7); using a firearm during and in relation to or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)

(Counts 3 and 8); possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2 (Count 5); possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2 (Count 6); and, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 9).[1]

On November 30, 2010, the government filed an Information to Establish Prior Conviction, pursuant to 21 U.S.C. § 851, based on Petitioner's prior conviction in 2001, in Wyandotte County, Kansas for Attempted Possession of Marijuana with Intent to Sell.[2]  As a result of this notice, Petitioner was subjected to a statutory mandatory minimum sentence of not less than twenty years on Count 5.

The case was set for jury trial on April 19, 2011.  On that date, Petitioner opted to enter a guilty plea to Counts 5 and 8 of the Indictment, which carried a combined statutory mandatory minimum sentence of 25 years.[3]  As part of the plea deal, the government agreed not to seek a sentence in excess of 300 months on Count 5 or a combined sentence of 30 years on both of the charges.[4]  During the plea colloquy, the Court advised Petitioner that he was subject to a mandatory minimum sentence of 25 years.[5]

On July 20, 2011, the Court sentenced Petitioner to 240 months on Count 5 and a

---

[1]Doc. 11.

[2]Doc. 15.

[3]Plea Agr., Doc. 36.

[4]*Id.* at 12.

[5]Plea Hrg. Tr., Doc. 56 at 14–15.

consecutive 60 month sentence on Count 8, for a controlling term of 300 months' imprisonment.[6] Petitioner appealed his conviction to the Tenth Circuit Court of Appeals.  On March 15, 2012, the Tenth Circuit dismissed the appeal, granting the government's motion to enforce the plea agreement, and finding that Petitioner had waived his right to appeal under the plea agreement.[7] Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States.

Petitioner filed the instant motion on March 11, 2015.  Petitioner alleges that his attorney, Kirk Redmond, was ineffective for three reasons: 1) Redmond advised him that a § 851 sentencing enhancement would not be sought and would be dropped at sentencing; 2) Redmond failed to get the prior conviction expunged; and 3) Redmond failed to seek enforcement of a cooperation agreement with the government.

## II.    Legal Standard

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

---

[6]Doc. 44.

[7]Mandate, Doc. 58.

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[8]  Because Price appears *pro se*, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[9]   If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[10]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[11]  For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[12]

## III.   Discussion

The government moves to dismiss Petitioner's motion as time barred, or alternatively, on the ground that he waived the right to pursue any collateral attack on his conviction in the plea agreement.  The Court will first address the statute of limitation issue.

A prisoner has one year in which to file a § 2255 petition after the latest of the following:

(1)  the date on which the judgment of conviction becomes final;

---

[8]28 U.S.C. § 2255(b).

[9]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10]*Id.*

[11]*Id.*

[12]*See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[13]

Unless one of these exceptions apply, Petitioner had to file his motion within one year of the date on which his judgment of conviction became final.

It is undisputed that Petitioner's motion came more than a year after the judgment against him became final.  Petitioner did not file a petition for writ of certiorari with the Supreme Court, and his conviction became final on or about May 22, 2012, or ninety days after the Tenth Circuit filed its opinion dismissing his appeal.[14]  Petitioner's ability to timely file a § 2255 petition ended on May 22, 2013, one year from the date on which Petitioner's conviction became final. Petitioner filed this motion on March 11, 2015, almost two full years after the expiration of the window in which a § 2255 petition is allowable.

Petitioner asserts that his motion is timely under paragraph (4) of § 2255(f) because there is "new information" concerning his prior Wyandotte County conviction.  He contends that Redmond misled him to believe that the § 851 motion would be dismissed and not used as an

---

[13]28 U.S.C. § 2255(f); *United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006).

[14]*See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000) (holding where a defendant does not file a petition for writ of certiorari, direct review is completed and the decision becomes final when the time for filing a certiorari petition expires, *i.e.*, ninety days after the court of appeals issues its judgment); Sup. Ct. R. 13(3) ("The time to file a petition for certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .").

enhancement at sentencing.  Petitioner further contends that he believed this previous conviction

had been expunged and if not, Redmond was going to investigate and seek expungement.  And,

after sentencing, Petitioner contends that Redmond promised Petitioner an appeal that would

remedy the § 851 enhancement.  Petitioner alleges he first learned in September 2014 that his

conviction had not been expunged as promised, and filed a Petition for Expungement on January

30, 2015.  Accordingly, the key question before the Court is at what point the facts supporting

his § 2255 claims could have been discovered.

The Tenth Circuit has counseled that "*knowledge* of the facts underlying a claim is the

trigger for [2255(f)'s] one-year limitations period."[15]  For example, in *United States v. Oakes*, the

panel rejected the movant's argument that the § 2255(f)(4) period should have begun when he

obtained a new affidavit by a victim in the case.[16]  The court found that the affidavit did not

constitute a newly discovered fact because the movant had been aware of the substance of the

alleged exculpatory evidence at the time of the trial and chose to plead guilty, rather than risk a

trial.[17]

In this case, Petitioner has been aware of the § 851 enhancement, expungement, and

cooperation issues since his plea hearing at the earliest, and at the latest, upon dismissal of his

direct appeal.  Petitioner pled guilty to Counts 5 and 8; the plea agreement stated that the

---

[15]*United States v. Crawford*, 564 F. App'x 380, 384 (10th Cir. 2014) (emphasis in original) (citing *Fleming v. Evans*, 481 F.3d 1249, 1258 (10th Cir. 2007) ("Mr. Flemings's claims . . . are time-barred because he was *aware* of their factual basis [almost three years before filing his § 2255 petition]." (emphasis added)).

[16]445 F. App'x 88, 92–93 (10th Cir. 2011).

[17]*Id.* at 93; *see United States v. Rauch*, 520 F. App'x 656, 657–58 (10th Cir. 2013) (finding timeliness argument unavailing where movant admitted that he learned of the alleged police misconduct in his case prior to one year before he filed his § 2255 motion and had informed counsel of as much).

government would recommend a sentence of 300 months as to Court 5, contingent upon Petitioner's continuing manifestations of acceptance of responsibility.[18]  At the plea hearing, the prosecutor explained that Count 5 carried a statutory mandatory minimum of twenty years, and Petitioner agreed as part of the plea deal not to seek any sentence below that offered in the Sentencing Guidelines.[19]  When asked by the Court if there was anything he did not understand or that he disagreed with, Petitioner responded, "no."[20]  At sentencing, the government requested a 300-month sentence on Count 5, to run consecutively with a 60-month sentence on Count 8.[21]  Redmond successfully argued that the sentence on Count 5 should be the 240-month mandatory minimum as per the § 851 enhancement, to run consecutively to the 60-month sentence on Count 8.[22]  Notwithstanding the appeal waiver in the plea agreement, Petitioner filed a direct appeal of his sentence, which the Tenth Circuit dismissed after the government moved to enforce the waiver.[23]  The court noted that Redmond filed an *Anders* brief stating he cannot identify any non-frivolous arguments on appeal.[24]  Thus, Petitioner was aware that he had been sentenced to the enhanced mandatory minimum, that there was no objection to application of the enhancement, and that there was no appeal from application of the enhancement, which would necessarily entail knowledge of any failure to obtain an expungement or cooperation agreement.

---

[18]Doc. 36 at 12.

[19]Doc. 56 at 7–12.

[20]*Id.*  at 12.

[21]*Id.*

[22]*Id.* at 25–26, 39; Judgment, Doc. 44.

[23]Doc. 58.

[24]*Id.*

Accordingly, Petitioner's limitation argument is untenable.  The operative date is the date when he acquired knowledge of the facts underlying his claims, and that date falls outside the limitations period of § 2255(f)(4).

Nor does the equitable tolling doctrine provide any relief for Petitioner.  A defendant is entitled to equitable tolling in the one year period if two circumstances are met.[25]  A petitioner must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[26]  Equitable tolling is only available in exceptional circumstances where the circumstances were beyond the petitioner's control.[27]  Examples of exceptional circumstances can include: "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances— prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[28]  Ignorance of the law and excusable neglect are not enough to qualify as an exceptional circumstance.[29]  Egregious attorney conduct may constitute an exceptional circumstance.[30]  Nothing in the record before the Court indicates Petitioner diligently pursued his rights.  Accordingly, Petitioner's motion is dismissed as untimely.

Because the Court finds that Petitioner's motion is untimely, it does not reach the

---

[25]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

[26]*Id.*

[27]*Id.*

[28]*Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (citations omitted).

[29]*Id.*

[30]*Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007).

appellate waiver issue.  The Court notes, however, that even if Petitioner's motion survived these challenges, his claims that counsel was ineffective are without merit.  Petitioner asserts that Redmond was ineffective because he made promises to him that he would attack the § 851 enhancement at sentencing, and then promised to file an appeal that would subsequently remedy the enhancement.  Petitioner fails to articulate under what basis he could have successfully challenged the § 851 notice, however, and § 851(e) would have precluded a challenge to the validity of the prior conviction that occurred more than five years before the government's notice of enhancement.[31]  Moreover, it is irrelevant whether the Wyandotte County conviction has been or ever is to be expunged.[32]  Petitioner also suggests that counsel never sought enforcement of the alleged cooperation agreement, but there was no such cooperation agreement identified as a part of the plea agreement, nor was it mentioned at any point during the plea colloquy or at sentencing.  Petitioner has not met his burden to demonstrate the prejudice prong under *Strickland v. Washington*, which requires a defendant to show that but for the alleged errors of counsel, the outcome of the proceeding would have been different.[33]  Accordingly, the motion and files are conclusive in establishing that Petitioner is not entitled to relief on the grounds asserted in his motion.

## IV.       Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings

---

[31]21 U.S.C. § 851(e).

[32]*See United States v. Rivera-Rodriguez*, 617 F.3d 581, 609–10 (1st Cir. 2010) (finding convictions for purposes of § 851 enhancement included prior felony drug convictions that have been set aside, expunged, or otherwise removed from a defendant's record) (citing cases).

[33]466 U.S. 668, 694 (1984).

requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling

adverse to the petitioner.  In order to receive a COA, a petitioner must make a "substantial

showing of the denial of a constitutional right."[34]  A petitioner can meet this standard by showing

that a group of reasonable jurists could conclude that the issues presented are deserving of

further proceedings.[35]  A petitioner must prove something more than "mere frivolity"[36] but need

not show that an appeal would be successful.[37]  This threshold inquiry does not require a full

examination of the factual basis.[38]  Petitioner has not alleged sufficient facts to constitute a

substantial showing that a constitutional right has been denied.  Accordingly, the COA is denied.


**IT IS THEREFORE ORDERED BY THE COURT** that the government's Motion to

Dismiss (Doc. 67) is GRANTED; Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255

(Doc. 65) is DISMISSED as untimely; Petitioner is also denied a COA.

**IT IS FURTHER ORDERED** that Petitioner's requests for discovery (Docs. 70, 71, 72)

are DENIED as moot.

**IT IS SO ORDERED.**

Dated: December 14, 2015

S/ Julie A. Robinson

---

[34]28 U.S.C. § 2253(c)(2)

[35]*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

[36]*Id.* at 338.

[37]*Id.*

[38]*Id.* at 336.

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE