IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

    v.

**PATRICK LEE PRICE,**

    **Defendant/Petitioner.**

Case No. 10-20134-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Patrick Lee Price's Motion for Reconsideration (Doc. 75) requesting the Court to reconsider its Memorandum and Order dismissing as untimely his motion under 28 U.S.C. § 2255 (Doc. 74). Also before the Court is Price's Amended § 2255 motion asserting a claim under *Bailey v. United States* (Doc. 81). For the reasons explained in detail below, Price's motion to reconsider is denied, and his amended claim is dismissed.

### I.  Motion for Reconsideration

Local Rule 7.3(a) states that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[1] Motions for reconsideration "filed within [twenty-eight] days of the district court's entry of judgment . . . [are] treated as [motions] to alter or amend judgment under Fed. R. Civ. P. 59(e)."[2] Motions filed outside Rule 59(e)'s twenty-eight day time period are examined under Rule 60(b).[3] Price

---

[1] D. Kan. Rule 7.3(a).

[2] *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.,* 52 F.3d 858, 861 (10th Cir. 1995) (applying earlier version of Rule 59(e), when the deadline was ten days instead of twenty-eight).

[3] *Id.*

1

filed his motion outside the twenty-eight days, so the Court considers his motion under Rule 60(b).

Rule 60(b) provides that the court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) any other reason that justifies relief.[4]  Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[5]

Price presents no valid legal argument to warrant relief from the Court's Order.  As discussed in the Order dismissing Price's claim as untimely, he claimed that counsel was ineffective for failing to obtain an expungement or U.S.S.G. § 5K1.1 cooperation agreement.  The Court found that the operative date was the date when Price acquired knowledge of the facts underlying his claims, and that date was, at the latest, when the Tenth Circuit dismissed his direct appeal.[6]  Price argues on reconsideration, however, that his claim of ineffective assistance is not time-barred with respect to a putative Fed. R. Crim. P. 35(b) motion.  Citing *Pennington v. United States*,[7] Price argues that he was not on notice of the government's failure to file a Rule 35(b) motion until one year after the imposition of his sentence, the period within which Rule 35 motions are usually filed.  Price did not raise this argument in his petition or reply, however, and cannot raise it now for the first time on reconsideration.

---

[4]Fed. R. Civ. P. 60(b).

[5]*Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Brown v. Presb. Health Servs.,* 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[6]Doc. 74 at 7–8.

[7]No. 98-3197, 1999 WL 14052, at *1 (10th Cir. Jan. 15, 1999).

In any event, the Court finds that Price's claim is untimely with respect to failure to file or enforce any Rule 35(b) agreement. Because Price was sentenced on July 20, 2011, any Rule 35(b) motion would normally have been filed within one year, or July 20, 2012,[8] ostensibly extending Price's one-year deadline for filing his § 2255 motion until July 20, 2013. Price did not file his § 2255 motion until March 2015, however, and it is thus untimely with respect to any claim regarding a Rule 35(b) motion.[9] Price's remaining arguments are broad assertions that are merely a rehash of his previous arguments, and are insufficient to warrant relief from judgment pursuant to Rule 60.[10]

## II.  Motion to Amend

Price filed a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York. Because Price's § 2255 motion was pending, however, that court construed his petition as a motion to amend his initial § 2255 motion and transferred the action to the District of Kansas for review in connection with the § 2255 proceeding.[11] Accordingly, the Court reopens the § 2255 proceeding to consider Price's amended claim for relief.

As previously discussed, Price entered a guilty plea to one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and

---

[8] Fed. R. Crim. P. 35(b)(1).

[9] The Court notes that, as with the purported § 5K1.1 agreement, the Plea Agreement contains no promise by the government to move for a sentence reduction under Rule 35(b). Paragraph 18 of the Plea Agreement, which Price acknowledged before this Court, states that he "understands that his plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties." Doc. 36 at 18.

[10] Price also requests the Court to seal its previous order, as it contains reference to a dispute over a § 5K1.1 agreement (Doc. 78). Although such motions are to be filed under seal, a mere reference in a filing to the existence of such motion is not a sufficient reason to justify the wholesale seal of the filing, and his request is denied. Moreover, Price makes the reference in his motion, traverse, and request for reconsideration, none of which was filed or requested to be filed under seal. *See* D. Kan. Rule 5.4.6.

[11] Doc. 82. The petition was erroneously opened as a new § 2241 motion in the District of Kansas, No. 15-3225-JAR, and was subsequently dismissed.

3

(b)(1)(A), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).[12] Price was sentenced to 240 months on the drug count and a consecutive 60-month sentence on the gun charge, for a controlling term of 300 months' imprisonment.[13] Price brings an additional challenge to his conviction on the § 924(c) firearm charge and sentence, arguing his conviction was rendered invalid by the decision of the Supreme Court in *Bailey v. United States*.[14] In that case, the Supreme Court held that the "use" language in § 924(c) required the government to prove that the defendant "actively employed the firearm during and in relation to the predicate crime."[15] *Bailey* was held retroactively applicable in May 1998, over fifteen years prior to his motion to amend.[16] Because Price's § 2255 motion was dismissed as untimely, however, any attempt to assert an additional § 2255 claim separate and distinct from those originally raised is also untimely.[17] Price's attempt to assert a new claim under *Bailey* is a challenge unrelated to his ineffective assistance of counsel claims raised in his original motion, and is the type of amendment rejected by the Tenth Circuit as untimely.[18] Price's claim raised in his amendment is dismissed.

Even if timely, Price's claim of actual innocence under *Bailey* is misplaced. Price contends he could not be found guilty of using a firearm in connection with a drug trafficking crime under § 924(c)(1)(A) because he did not "actively employ" the gun used during the

---

[12] Plea Agreement, Doc. 36.

[13] Doc. 44.

[14] 516 U.S. 137 (1995).

[15] *Id.* at 150.

[16] *Bousley v. United States,* 523 U.S. 614 (1998). *See* 28 U.S.C. § 2255(f)(3) (one-year statute of limitations runs from the date on which the newly recognized right by the Supreme Court was made retroactive to cases on collateral review).

[17] *United States v. Cortez-Diaz,* 2017 WL 2684198, at *5 (D. Kan. June 2, 2017) (citing *United States v. Espinoza-Saenz,* 235 F.3d 501, 503 (10th Cir. 2000)).

[18] *Id.*

4

controlled drug buys. As set forth in the Plea Agreement, however, the Confidential Informant ("CI") was equipped with covert audio and video equipment and related that during the first controlled purchase, Price was in possession of a firearm, which was sitting on a table along with methamphetamine. This was corroborated by members of the Narcotics Unit, who were able to observe the pistol sitting on the table while reviewing the video recording of the purchase.[19] Price argues the CI never stated that Price was holding the firearm or engaged in an attempt to use the firearm in any manner. While Price is correct that this may not be enough to convict him of *using* a firearm under *Bailey*, Price pled guilty to *possession* of a firearm in furtherance of a drug trafficking crime, the alternative charge under § 924(c)(1)(A).[20] Factors used to determine whether a defendant is guilty of possession of a firearm in furtherance of a drug trafficking crime include the type of criminal activity conducted, accessibility of the firearm, the type of firearm, and proximity to drugs.[21] Accordingly, Price's claim is without merit.

### III.    Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.[22] A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[23] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims

---

[19] Doc. 36 at 10.

[20] Price was charged with using a firearm in Count 3 of the Indictment and with possession of a firearm in Count 8 of the Indictment, and pled guilty to Count 8. Doc. 11.

[21] *United States v. Trotter,* 483 F.3d 694, 701 (10th Cir. 2007).

[22] The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issues a certificate of appealability. Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[23] 28 U.S.C. § 2253(c)(2).

debatable or wrong."[24]  For the reasons stated above, the Court finds that Price has not satisfied this standard and therefore, denies a certificate of appealability as to its ruling on his § 2255 motion, his motion to reconsider, and his motion to amend.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Patrick Lee Price's Motion to Reconsider (Doc. 75) the Court's Memorandum and Order dismissing as untimely his motion under 28 U.S.C. § 2255 is DENIED;  Price's Motion to Seal (Doc. 78) is also DENIED.

**IT IS FURTHER ORDERED** that Price's amended claim under *Bailey* (Doc. 81) is DISMISSED; and

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated: November 14, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[24]*Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).