## In the United States District Court
## for the District of Kansas

**United States of America**,
    *Plaintiff*,

v.                                           Case No. 2:10-cr-20134-JAR

**Patrick Lee Price,**
    *Defendant.*

### Order Reducing Term of Imprisonment to Time Served

This matter is before the Court on defendant Patrick Price's <u>Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) [Doc. 85]</u>. The government now does not oppose the request and agrees the defendant is a proper candidate for immediate release from the Bureau of Prisons.

Mr. Price moves for a sentence reduction under § 3582(c)(1)(A) on a combination of grounds, including the elimination of the 21 U.S.C. § 851 statutory enhancement that drove his 300-month sentence, his worsening medical condition, the length of time he has served, his age, and his rehabilitation.

Mr. Price pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams of methamphetamine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 5) and one count of possessing a firearm during a drug

trafficking offense under 18 U.S.C. § 924(c) (Count 8). Doc. 44. The government filed a notice under § 851 that his sentence on Count 5 would be enhanced under 21 U.S.C. § 851 because he had a prior "felony drug offense." Docs. 14, 15, 22, 52, at 3-4; PSR ¶ 87. The mandatory minimum for that conviction was raised to 20 years as a result. PSR ¶ 87; 18 U.S.C. § 841(b)(1)(A)(viii) (2011). With a mandatory minimum of 20 years on Count 5 and five years on Count 8, Mr. Price received a mandatory sentence of 300 months. Doc. 44.

Mr. Price would no longer receive any § 851 enhancement. The enhancement was based on Mr. Price's 2001 Kansas conviction for attempting possession of marijuana with intent to sell in Wyandotte County Case No. 01CR805. Doc. 15. In that case, Mr. Price received a sentence of 9 months' imprisonment, suspended for a probationary sentence. Doc. 15; PSR ¶ 51. He successfully completed probation and never served any term of imprisonment for that conviction. PSR ¶ 51.

After the First Step Act, prior offenses qualify as a "serious drug felony"— and thus enhance the mandatory minimum—only if a person actually "served a term of imprisonment of more than 12 months" for the prior conviction. 21 U.S.C. §802(57); *see* First Step Act of 2018, Pub. L. No. 115-391, § 401(c). Because Mr. Price did not serve a term of imprisonment at all for his prior Kansas drug offense, he would not qualify for any § 851-enhanced sentence

2

after the First Step Act. Instead, he would face only the 10-year mandatory minimum under § 841(b)(1)(A)(viii).

Further, without the now-inapplicable enhanced 20-year mandatory minimum, Mr. Price would also have been eligible for a 2-level reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the guidelines. After Amendment 782, he would receive a reduced base offense level of 32 (rather than 34), USSG § 2D1.1(c)(4) & comment. n.8(D), and a total offense level of 29. *See* PSR ¶¶ 35-45. With a criminal history category of I, Mr. Price's guidelines range on Count 5 would now be 87-108 months, plus the 60-month sentence for the § 924(c) conviction.

The "combination" of a changed sentencing scheme and "a defendant's unique circumstances" can "constitute extraordinary and compelling reasons" for a reduction under § 3582(c)(1)(A)(i). *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021); *see United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Mr. Price's 300-month sentence was driven by the 20-year mandatory minimum on Count 5. Absent the § 851 enhancement, Mr. Price would have faced a guidelines range of 87-108 months on Count 5, with a mandatory minimum of 10 years, plus the 60-month sentence on Count 8. The disparity between the sentence he received and the much lower sentence he would face now is one extraordinary and compelling reason for a reduction.

Mr. Price's health is another extraordinary and compelling reason for a reduction. In December 2021, doctors discovered three severe artery blockages and Mr. Price underwent triple-bypass open-heart surgery. He was hospitalized for 10 days and discharged back to prison on December 24, 2021, and continues to recover. He also has multiple conditions which increase his risk of severe illness or complications from COVID-19, including coronary artery disease, obesity and early diabetes.

Mr. Price is 58 years old, and has served more than 11 years in prison. This case was Mr. Price's first sentence of any prison time. He had previously served only a 30-day jail sentence. His recent conduct and records demonstrate his rehabilitation. He works as an orderly at his facility. He has completed dozens of educational courses mainly focused on art, health and science, including many in-cell classes during the pandemic. He has completed a drug education course. He has received only two minor disciplinary reports in 11 years. He has a release plan that has been approved by the United States Probation Office. The time he has served is sentence is sufficient to serve the goals of incapacitation, deterrence, retribution, and rehabilitation.

The Court has considered the applicable factors set forth in 18 U.S.C. § 3582(c)(1)(A)(i) and 18 U.S.C. § 3553(a) to modify Mr. Price's term of imprisonment to time served.

4

**IT IS THEREFORE ORDERED** by the Court that the Defendant Patrick Lee Price's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1) [Doc. 85] is **GRANTED**. The Court reduces Mr. Price's sentence to time served on all counts.  Mr. Price's request for appointed counsel is **DENIED** as moot.

Mr. Price shall begin the previously imposed term of supervised release immediately upon his release from the Bureau of Prisons. All previously imposed terms and conditions of supervised release remain in effect.

**IT IS FURTHER ORDERED** that there being a verified residence and an appropriate release plan in place, this Order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Mr. Price's safe release.  Mr. Price shall be released as soon as appropriate travel arrangements have been made and it is safe for him to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure Mr. Price's safe release, then the parties shall immediately notify the Court and show cause why the stay should be extended.

**IT IS SO ORDERED**.

Dated: January 31, 2022

              S/ Julie A. Robinson
              JULIE A. ROBINSON
              UNITED STATES DISTRICT JUDGE